United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41630
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN HERNANDEZ-HERNANDEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-529-ALL
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Hernandez-Hernandez appeals his guilty-plea conviction and sentence for being found in the United States, without permission, following deportation. See 8 U.S.C. § 1326(a), (b). Although Hernandez-Hernandez signed a waiver provision as part of his plea agreement, we need not determine the effect of that waiver because Hernandez-Hernandez cannot prevail on the merits of his appellate arguments.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Hernandez-Hernandez argues that the sentencing provisions in § 1326(b) are unconstitutional. Hernandez-Hernandez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Hernandez-Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Hernandez-Hernandez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Also for the first time on appeal, Hernandez-Hernandez argues that the district court erred when it sentenced him pursuant to the mandatory United States Sentencing Guidelines held unconstitutional in United States v. Booker, 543 U.S. 220 (2005). Application of the Sentencing Guidelines in their mandatory form constitutes error that is plain. United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). However, nothing in the record indicates that the district court would have imposed a different sentence if it had known that it was not bound by the sentencing guidelines. Accordingly, district court's error did not affect

Hernandez-Hernandez's substantial rights. <u>See</u> <u>id.</u> at 733-34.

Hernandez-Hernandez has not established reversible plain error.

The judgment of the district court is AFFIRMED.